# EXHIBIT D

296TH JUDICIAL DISTRICT COURT
# DOCKET SHEET
## CASE NO. 296-03016-2018

| Pruvit Ventures, Inc. vs. Lori Windham | § § § § | Location: 296th District Court<br>Judicial Officer: Roach, John R., Jr.<br>Filed on: 06/21/2018 |
|---|---|---|

### CASE INFORMATION

Case Type: **Other Contract**

### CASE ASSIGNMENT

**Current Case Assignment**
Case Number       296-03016-2018
Court             296th District Court
Date Assigned     06/21/2018
Judicial Officer  Roach, John R., Jr.

### PARTY INFORMATION

*Lead Attorneys*

**Plaintiff**   Pruvit Ventures, Inc.
                                                                    Hill, Mark L
                                                                    *Retained*
                                                                    214-472-2100(W)

**Defendant**   Windham, Lori
                                                                    Pro Se

### EVENTS & ORDERS OF THE COURT

| DATE | | INDEX |
|---|---|---|
| 06/21/2018 | Plaintiff's Original Petition (OCA) $298.00<br>*Plaintiff's Original Petition and Application for Temporary and Permanent Injunction* | |
| 06/21/2018 | Case Information Sheet | |
| 06/22/2018 | Request for Citation $8.00 | |
| 06/22/2018 | **Citation**<br>Windham, Lori — served 06/22/2018 | |
| 06/22/2018 | Service Return<br>*Citation - Lori Windham* | |
| 07/16/2018 | Original Answer<br>*Defendant's Original Answer* | |

### FINANCIAL INFORMATION

**Plaintiff** Pruvit Ventures, Inc.
Total Charges
Total Payments and Credits
**Balance Due as of 7/17/2018**



296TH JUDICIAL DISTRICT COURT
# DOCKET SHEET
### CASE NO. 296-03016-2018

STATE OF TEXAS    )
COUNTY OF COLLIN  )

I, Lynne Finley, District Clerk, in and for Collin County, Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this ____ day of _____ A.D., 20___.

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY



Printed on [date] at 2:12 PM

Filed: 6/21/2018 4:35 PM
Lynne Finley
District Clerk
Collin County, Texas
By Caitlen Politz Deputy
Envelope ID: 25470143

CAUSE NO. **296-03016-2018**

| | | |
|---|---|---|
| PRUVIT VENTURES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| LORI WINDHAM, | § | |
| | § | |
| *Defendant*. | § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND
### APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

Pruvit Ventures, Inc., Plaintiff, files this Original Petition and Application for Temporary and Permanent Injunction against Lori Windham. In support thereof, Plaintiff respectfully shows the Court the following:

#### I.   DISCOVERY LEVEL AND RULE 47 STATEMENT

1. Plaintiff pleads for discovery under Level 2, pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3. Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, which is an amount over $100,000.00 but not more than $200,000.00.

#### II.   PARTIES

2. Plaintiff, Pruvit Ventures, Inc., is a corporation authorized to conduct business in the state of Texas with a place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3. Defendant is an individual doing business in Collin County, Texas that can be served with process at 760 Prospect Ave, Fairhope, AL, 36532, or wherever she may be found.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. This Court has personal jurisdiction over Defendant because Defendant does business in Collin County, Texas. Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES & REMEDIES CODE as all or substantially all of the events giving rise to Plaintiff's causes of action arose in Collin County.

## IV. STATEMENT OF FACTS

5. Plaintiff's direct sales community is comprised of representatives who sell Plaintiff's products and recruit prospective representatives to do the same. Over time, as senior representatives bring in new representatives, an up-line and down-line structure is created.

6. In many cases, Plaintiff's successful representatives have created extensive downlines of fellow representatives totaling in the hundreds.

7. Plaintiff invests significant amounts of time, money, and resources into reasonably protecting its technology and the integrity of its community of representatives.

8. When a representative leaves Plaintiff, it can adversely affect both the compensation of other representatives as well as the profits of Plaintiff.

9. As part of Plaintiff's business, it holds an exclusive sub-license to market ketone products that utilize the combination of BHB salts with MCT oils in the network marketing space. To protect this license, as well as Plaintiff's community of representatives, Plaintiff requires each representative to execute a Pruvit Pruver Agreement (the "Agreement"). The

Agreement can be viewed on Plaintiff's website, www.pruvitnow.com, under the Policies and Procedures link.

10. The Agreement, in pertinent part, prohibits a Pruvit representative, during the term of the Agreement and for a six (6) month period of time following separation from Plaintiff, from the following: (1) recruiting Plaintiff's promoters for another direct sales or network marketing business; (2) recruiting Plaintiff's customers for another direct sales or network marketing business; and (3) selling, or enticing others to sell products or services that compete with products and services offered by Plaintiff.

11. Additionally, the Agreement prohibits Plaintiff's promoters during the term of the Agreement and for a two (2) year period following a promoter's separation from Plaintiff, from: (1) using Plaintiff's confidential and proprietary trade secret information to compete with Plaintiff or for any purpose other than promoting Plaintiff; and (2) disclosing to any person or entity any of Plaintiff's confidential and proprietary trade secret information in another network marketing company.

12. Plaintiff's trade secrets specifically include information located in its proprietary "back office" portal. Plaintiff's "back office" technology includes the contact information of customers and Pruvers, product sales information, rank, earning/bonus information of Pruvers, and other information containing the financial, scientific, and business operations of Plaintiff and its direct-sales community.

13. Defendant is a former representative of Plaintiff that recently elected to begin promoting and selling the products of a competitor based in Collin County, Texas.

14. Defendant also began to actively violate the Agreement and recruit other representatives of Plaintiff to work for this competitor. Defendant has specifically targeted

numerous long-time representatives of Plaintiff who have larger downlines and access to Plaintiff's confidential or proprietary "back office" information.

15. While the full extent of Defendant's improper actions are not yet known, Defendant is believed to have improperly solicited or recruited, in violation of the Agreement, multiple representatives of Plaintiff.

16. Defendant's Agreement with Plaintiff was terminated on or about February 2, 2018.

17. Moreover, while working for the competitor, and during a period of time when this competitor was actively developing competitive products and attempting to build its new business, Plaintiff has discovered that Defendant continued to access and use confidential information of Plaintiff.

## V. CAUSES OF ACTION

18. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

### COUNT 1—TORTIOUS INTERFERENCE

19. As detailed above, Plaintiff is a party, or was a party, to valid written agreements with its representatives and other third parties; or had a reasonable probability that Plaintiff would have entered into a business relationship with third parties.

20. Defendant willfully and intentionally interfered with those agreements by (i) promoting the products of a competitor, and (ii) encouraging or otherwise soliciting representatives and customers of Plaintiff to cease doing business with Plaintiff.

21. Defendant's interference with Plaintiff's contracts and relationships proximately caused disruption to Plaintiff's business and Plaintiff has suffered damages as a result.

## COUNT 2—MISAPPROPRIATION OF TRADE SECRETS

22. Plaintiff has a possessory right to its trade secret and confidential information. Specifically, Plaintiff has a possessory right to its licensed ketone technology and intellectual property, sales and marketing processes, representative training processes, lists of customer and representative names and contact information, representative up- and down-line information, product ingredient and formulae information, and other company information, which contains financial, scientific, or other information both written and otherwise.

23. Defendant, who was in a position of trust with unique access to Plaintiff's confidential and trade secret information, wrongfully used her access to Plaintiff's former representatives to directly compete with Plaintiff, recruit Plaintiff's representatives to leave Plaintiff and join a competitor, gain a business advantage for Defendant and her new employer, and usurp business opportunities belonging to Plaintiff.

24. Defendant misappropriated Plaintiff's confidential information by using and/or disclosing it without Plaintiff's consent even though Defendant knew at the time that the information was being disclosed under unlawful and/or otherwise improper circumstances.

25. This is protected trade secret information from which Plaintiff receives economic value. It is not generally known, and Plaintiff has taken reasonable efforts to maintain its secrecy. Defendant acquired Plaintiff's trade secrets and confidential information from Plaintiff because she expressly agreed to the confidentiality and non-disclosure provisions in the Agreement. Plaintiff maintains the secrecy of its confidential information and trade secrets by limiting access to the information to its representatives who sign the confidentiality and non-disclosure provisions contained in the Agreement.

26. The trade secret information was misappropriated as defined by the Texas Uniform Trade Secrets Act ("TUTSA"), TEX. CIV. PRAC. & REM. CODE § 134A.002(3), when Defendant used it to gain an advantage and steal and/or usurp business opportunities from Plaintiff. As a result of this misappropriation, Plaintiff has lost business opportunities and suffered harm.

27. Plaintiff believes this information was misappropriated willfully and maliciously by Defendant. As a proximate result of such willful and malicious action, Plaintiff has suffered, and will continue to suffer, actual damages or loss, including loss of good will, harm to customer relationship, and loss of future contracts and business prospects, for which Defendant is fully liable, and for which damages are difficult to calculate.

## COUNT 3—BREACH OF CONTRACT

28. A valid and enforceable contract existed between Plaintiff and Defendant while Defendant was a representative of Plaintiff.

29. Defendant's actions in promoting products of a competitor of Plaintiff, recruiting and encouraging current representatives and customers of Plaintiff to cease doing business with Plaintiff and join a competitor, and improperly accessing and using confidential information of Plaintiff constitute breaches of the Agreement. Plaintiff performed, or was excused from performing, its obligations under the Agreement with Defendant.

30. Defendant's actions made a subject herein are a direct and proximate cause of Plaintiff's damages.

### VI. APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

31. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

32. Plaintiff's Application for Temporary Injunction is authorized by the TEXAS CIVIL PRACTICE AND REMEDIES CODE Section 65.0111(2), (3), and (5).

33. An injunction may be granted if the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant. Further, pursuant to § 65.011 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff would be entitled to a writ of injunction under the principals of equity.

34. Plaintiff is likely to suffer permanent and irreparable harm if an injunction is not entered. If an injunction is not entered, Defendant will continue actively recruiting Plaintiff's Pruvers with the most experience, knowledge of Plaintiff's confidential and proprietary information, and extensive down-lines to cease working with Plaintiff, resulting in immeasurable harm for which monetary damages are insufficient. There is no other adequate remedy at law and Plaintiff seeks the equitable intervention of this Court.

35. For the reasons stated in this petition, Plaintiff requests the Court issue a Temporary Injunction enjoining the conduct outlined below. To preserve the status quo pending the final trial on the merits of this case, Plaintiff asks this Court to issue a Temporary Injunction to restrain and enjoin Defendant, and any and all other persons under her control and/or direction, or active in active concert and participation with Defendant, from engaging in any of the following:

    a. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Plaintiff or any of its products;

    b. Inducing, in any manner, any existing customer of Plaintiff to terminate its business relationship with Plaintiff;

    c. Inducing, in any manner, any existing representative promoter (or Pruver) of Plaintiff to terminate its business relationship with Plaintiff;

      d. Inducing, in any manner, any existing promoter of Plaintiff to breach the terms of their respective Agreement;

      e. Promoting and/or selling, in any manner, any products for a competitor of Plaintiff in breach of the terms of their Agreement; and

      f. Directly or indirectly accessing, transferring, downloading, or otherwise using, in any manner, any of Plaintiffs' trade secrets, confidential and/or proprietary information.

36. Plaintiff will suffer immediate and irreparable harm in the event that Defendant is allowed to continue soliciting Plaintiff's representatives in violation of this Agreement during the pendency of this suit.

37. In the absence of injunctive relief, Plaintiff has no adequate remedy at law. It is essential that the Court immediately restrain Defendant from continuing the conduct described herein. Plaintiff is willing to post a bond in connection with any temporary injunction, if required by the Court, in accordance with TEXAS RULES OF CIVIL PROCEDURE 684.

38. In compliance with the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff is entitled to a hearing providing the relief requested above to give her an opportunity to be heard by the Court. Plaintiff requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

39. Plaintiff further pleads for a permanent injunction, enjoining Defendant from engaging in the above acts, following a trial of this cause.

## VII.   CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff's right to bring the above causes of action, and for recovery requested herein, have been performed or otherwise already occurred.

## VIII.   EXEMPLARY DAMAGES

41.     Plaintiff is entitled to exemplary damages for Defendant's willfully and intentional conduct, and because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages, and Plaintiff seeks an award of such damages.

## IX.     ATTORNEY FEES

42.     Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred in this matter pursuant to the Agreement and Section 38.001 *et seq.* of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.     REQUEST FOR DISCLOSURES

43.     Pursuant to the TEXAS RULE OF CIVIL PROCEDURE 194, Plaintiff requests that Defendant disclose, within fifty (50) days of service of this Original Petition, the information or material described in Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE.

## XI.     PRAYER

44.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests Defendant be cited to appear and answer, and that upon final hearing, Plaintiff have the following:

(1)     Plaintiff be granted a temporary injunction and permanent injunction enjoining Defendant from the conduct described herein;

(2)     Plaintiff be granted judgment against Defendant and damages (including special, incidental and consequential) within the jurisdictional limits of this Court;

(3)     Plaintiff be granted judgment against Defendant for exemplary damages within the jurisdictional limits of this Court;

(4) Plaintiff be granted judgment disgorging the profits obtained by Defendant due to the improper conduct made a subject of this suit;

(5) Plaintiff be granted judgment against Defendant for reasonable and necessary attorneys' fees, costs of suit, including conditional appellate fees in the event this suit is appeals, and prejudgment and post-judgment interest; and

(6) Plaintiff be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Mark L. Hill
**MARK L. HILL**
State Bar No. 24034868
mark.hill@solidcounsel.com

**CARLISLE A. BRAUN**
State Bar No. 24058818
carlisle.braun@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Facsimile
***ATTORNEYS FOR PLAINTIFF
PRUVIT VENTURES, INC.***

Filed: 7/16/2018 12:00 AM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 25989415

Cause No. 296-03016-2018

| | |
|---|---|
| PRUVIT VENTURES, INC. | In the District Court |
| Plaintiff, | |
| v. | Collin County, Texas |
| LORI WINDHAM, | |
| Defendants. | 296th Judicial District |

## DEFENDANTS' ORIGINAL ANSWER

Lori Windham ("Defendant"), Defendant in the above-entitled and numbered cause, files this Original Answer to Plaintiff Pruvit Ventures, Inc.'s ("Plaintiff") Original Petition and Application for Temporary and Permanent Injunction ("Original Petition").

### I.   GENERAL DENIAL

1. Defendant generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.   DEFENSES AND AFFIRMATIVE DEFENSES

2. Subject to and without waiving the foregoing and without admitting any liability, which Defendant denies, Defendant asserts the following defenses and affirmative defenses:

    a. Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

b. Plaintiff's Original Petition fails to allege or plead a plausible claim for tortious interference with an existing contract.

c. Plaintiff's Original Petition fails to allege or plead a plausible claim for tortious interference with prospective business relations.

d. The Original Petition fails to allege or plead a plausible claim for misappropriation of trade secrets.

e. Plaintiff has not satisfied the conditions precedent to the enforcement of the contract it alleges, specifically, Plaintiff did not perform its obligations under the contract to provide payment to Defendant.

f. All the actions taken by Defendant with regard to Plaintiff were based on good faith and on reasonable grounds for believing her acts or omissions were in conformity with applicable law.

g. The noncompete provision upon which Plaintiff bases its tortious interference contract claim is void as a matter of law.

h. The nonsolicitation provision upon which Plaintiff bases its tortious interference contract claim is void as a matter of law.

i. Plaintiff's claims fail for lack or failure of consideration.

j. Plaintiff's claims are barred by the doctrine of waiver.

k. Plaintiff's claims are barred by the doctrine of independent discovery.

l. Plaintiff's alleged damages are too speculative to be recoverable.

m. Plaintiff's alleged damages were not proximately caused by the conduct of Defendant.

n. Plaintiff did not incur the damages alleged.

3. Defendant reserves the right to assert additional affirmative defenses subsequently discovered and to rely on such affirmative defenses at the time of the trial.

## PRAYER

WHEREFORE, Defendant asks the Court to render a take-nothing judgment against Plaintiff, assess costs against Plaintiff, and award Defendant (a) reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b) and/or other applicable law, and (b) all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/ Chelsea L. Hilliard
ROBERT T. SLOVAK
State Bar No. 24013523
rslovak@foley.com
STEVEN C. LOCKHART
State Bar No. 24036981
slockhart@foley.com
CHELSEA L. HILLIARD
State Bar No. 24068630
chilliard@foley.com

**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on all counsel of record via the court's Electronic Filing System and via email pursuant to Texas Rule of Civil Procedure 21a on July 15, 2018.

By: /s/ Chelsea L. Hilliard

Chelsea L. Hilliard